United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LONNIE CHARLES BROWN,
Plaintiff,

v.

EDMUND JERRY BROWN, et al.,
Defendants.

Case No. 16-cv-02518-JCS (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

## INTRODUCTION

Plaintiff, a California state prisoner proceeding pro se, has filed this federal civil rights action under 42 U.S.C. § 1983. The complaint lacks sufficient factual detail and it is unclear who the proper defendants are. Accordingly, after conducting a review under 28 U.S.C. § 1915(e), the Court DISMISSES the complaint with leave to file an amended complaint on or before August 15, 2016.[1]

## DISCUSSION

### A. Standard of Review

In its initial review of this pro se complaint, this Court must dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

[1] Plaintiff consented to magistrate judge jurisdiction. (Docket No. 3.) The magistrate judge, then, has jurisdiction to issue this order, even though defendants have not been served or consented to magistrate judge jurisdiction. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B. Legal Claims**

Plaintiff's allegations are nearly incomprehensible. It appears that plaintiff alleges his jailors are violating his First Amendment right to the free exercise of religion. Exactly how or who is doing this is quite unclear. Plaintiff names supervisory defendants, e.g., the Governor of California, but alleges no specific facts showing that they are liable. In his amended complaint, plaintiff must allege specific facts, such as names, dates, places, a description of the actions taken or words spoken, what religious activity was interfered with, etc.

The Court instructs plaintiff to carefully consider the following. It is very difficult to plead claims against persons based on their role as supervisors, especially where, as here, there are no facts showing that any of these persons had a personal involvement in any of the allegedly unconstitutional acts. There is no respondeat superior liability under § 1983, *see Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), which means that a person is not automatically held responsible simply because he or she is a supervisor of an employee who commits a wrong. It is not enough that the supervisor merely has a

supervisory relationship over the defendants; <u>the plaintiff must show that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them."</u> *Id.* (emphasis added). Furthermore, supervisor defendants are entitled to qualified immunity where the allegations against them are simply "bald" or "conclusory" because such allegations do not "plausibly" establish the supervisors' personal involvement in their subordinates' constitutional wrong. *Iqbal*, 129 U.S. at 675-82. There is nothing in the complaint that indicates personal knowledge or involvement.

It is recommended that plaintiff focus his allegations on the persons he had direct contact with, such as prison guards. He is encouraged to carefully consider the following when amending his complaint. "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Id.*

**CONCLUSION**

The complaint is DISMISSED with leave to amend. **<u>Plaintiff shall file an amended complaint on or before August 8, 2016.</u>** The first amended complaint must include the caption and civil case number used in this order (16-2518 JCS (PR)) and the words FIRST AMENDED COMPLAINT on the first page. It must address all deficiencies discussed above. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. Any claims not raised in the amended complaint will be deemed waived. Failure to file an amended complaint in accordance with this order will result in

United States District Court
Northern District of California

dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

**Dated:** July 12, 2016

JOSEPH C. SPERO
Chief Magistrate Judge

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LONNIE CHARLES BROWN,

Plaintiff,

v.

EDMUND JERRY BROWN, et al.,

Defendants.

Case No. 16-cv-02518-JCS

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 12, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lonnie Charles Brown ID: P-96708
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532

Dated: July 12, 2016

Susan Y. Soong
Clerk, United States District Court

By: Karen L. Hom

Karen Hom, Deputy Clerk to the
Honorable JOSEPH C. SPERO